DISTRICT OF OREGON
F I L E D
October 31, 2025
Clerk, U.S. Bankruptcy Court

Below is an opinion of the court.

_Teresa H. Pearson_
TERESA H. PEARSON
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re<br><br>Natalia Aleksandrovna Neal,<br><br>Debtor. | Case No. 22-31714-thp13<br><br>CERTIFICATION PURSUANT TO 28 U.S.C. § 1915(a)(3) REGARDING CREDITOR SHARON NEAL'S MOTION TO PROCEED IN FORMA PAUPERIS |

### Procedural History

On July 1, 2024, creditor Sharon Neal filed a motion[1] and a supplemental motion[2] to dismiss this bankruptcy case, which debtor Natalia Aleksandrovna Neal opposed.[3] Judge Peter C. McKittrick denied the motion.[4] On August 15, 2024, creditor Sharon Neal filed a renewed motion to dismiss the bankruptcy case,[5] which Judge McKittrick also denied after treating the renewed motion as motion to alter or amend pursuant to Fed. R. Civ. P. 59(e), made applicable by Fed. R. Bankr. P. 9023.[6] Creditor Sharon Neal appealed to the Bankruptcy

---

[1] ECF No. 177, filed Jul. 1, 2024.
[2] ECF No. 179, filed Jul. 17, 2024.
[3] ECF No. 180, filed Jul. 19, 2024.
[4] ECF No. 184, filed Aug. 9, 2024.
[5] ECF No. 188, filed Aug. 15, 2025.
[6] ECF No. 191, entered Aug. 20, 2024.

Page 1 of 3 - CERTIFICATION PURSUANT TO 28 U.S.C. § 1915(a)(3) REGARDING
  CREDITOR SHARON NEAL'S MOTION TO PROCEED IN FORMA
  PAUPERIS

Appellate Panel,[7] which affirmed on August 22, 2025.[8]  Creditor Sharon Neal has further appealed to the Ninth Circuit Court of Appeals,[9] which has not yet ruled.

Meanwhile, while creditor Sharon Neal's appeal was still pending in the Bankruptcy Appellate Panel, as part of a routine case rotation at the beginning of 2025, this bankruptcy case was re-assigned to Judge Teresa H. Pearson.

After the Bankruptcy Appellate Panel ruled affirming Judge McKittrick's order, creditor Sharon Neal filed a motion to convert this case from chapter 13 to chapter 7.[10]  Debtor Natalia Aleksandrovna Neal opposed the motion.[11]  Judge Pearson denied the motion,[12] and creditor Sharon Neal appealed.[13]

The Bankruptcy Appellate Panel has issued an order giving this court the opportunity to file a certification pursuant to 28 U.S.C. § 1915(a)(3).[14]  This certification is issued in response to that order.

## Analysis

Substantively, when creditor Sharon Neal filed her motion to dismiss before Judge McKittrick, she asserted that certain facts demonstrated cause to dismiss under 11 U.S.C. § 1307(c).  Judge McKittrick decided that cause did not exist and his decision was affirmed by the Bankruptcy Appellate Panel.  Although creditor Sharon Neal has further appealed, there is no stay pending appeal.  When creditor Sharon Neal filed her motion to convert, she asserted <u>the same cause</u> that she previously asserted in the motion to dismiss.[15]

In considering a motion under section 1307(c), the court must first identify if cause for dismissal or conversion exists.[16]  If it does exist, then the court next must decide between those

---

[7] ECF No. 194, filed Aug. 20, 2024.
[8] ECF Nos. 215 and 216, filed Aug. 22, 2025.
[9] ECF No. 232, filed Sept. 10, 2025.
[10] ECF No. 226, filed Aug. 29, 2025.
[11] ECF No. 233, filed Sept. 11, 2025, and ECF No. 234, filed Sept. 15, 2025.
[12] ECF No. 240, entered Sept. 25, 2025.
[13] ECF. No. 243, filed Oct. 7, 2025.
[14] ECF No. 253, filed Oct. 31, 2025.
[15] *See* ECF No. 240, entered Sept. 25, 2025.
[16] *Jiminez v. ARCP 1, LLC (In re Jimenez)*, 613 B.R. 537, 543 (9th Cir. BAP 2020).

Page 2 of 3 - CERTIFICATION PURSUANT TO 28 U.S.C. § 1915(a)(3) REGARDING
 CREDITOR SHARON NEAL'S MOTION TO PROCEED IN FORMA
 PAUPERIS

options.[17]  In other words, conversion or dismissal are remedies if cause is found to exist.  If no cause exists, the choice of remedy is irrelevant.  If cause did not exist to dismiss the case, then cause also did not exist to convert the case.  Because Judge McKittrick and the Bankruptcy Appellate Panel had already decided no cause existed based on the same facts, Judge Pearson denied the motion to convert.[18]

      This court does not see a good faith basis for the motion to convert or the appeal of the order denying the motion to convert, where the exact same alleged cause has already been decided by Judge McKittrick and the Bankruptcy Appellate Panel to be insufficient to justify a remedy.  This court can discern no reason for creditor Sharon Neal to file the motion to convert, other than either an apparent hope that the current judge (Judge Pearson) would give her a different result than the prior judges (Judge McKittrick and the Bankruptcy Appellate Panel), or to harass debtor Natalia Aleksandrovna Neal with a multiplicity of proceedings.  Neither of those reasons constitutes good faith.

      This appeal of the order denying the motion to convert will not change anything.  The prior decision of the Bankruptcy Appellate Panel affirming that there is a lack of cause to dismiss the bankruptcy case is unstayed and remains in effect.  The matter is still pending before the Ninth Circuit Court of Appeals.  If the Court of Appeals affirms in the prior appeal, there will be no cause to dismiss (or convert) the case.  If the Court of Appeals reverses and believes cause exists, the matter will presumably be remanded for further proceedings for this court to determine whether dismissal or conversion of the case is the appropriate remedy.  This court believes this appeal is duplicative and can see no good faith purpose for it.

# # #

---

[17] *Id.*
[18] ECF No. 240, entered Sept. 25, 2025.

Page 3 of 3 - CERTIFICATION PURSUANT TO 28 U.S.C. § 1915(a)(3) REGARDING CREDITOR SHARON NEAL'S MOTION TO PROCEED IN FORMA PAUPERIS